## GREGG v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Indictment.*—An indictment for larceny must, to be sufficient, charge the defendant with having feloniously taken, stolen and carried away the property the larceny of which is alleged.

From the Elkhart Circuit Court.

*J. M. Vanfleet* and *E. C. Bickel*, for appellant.

*T. W. Woollen,* Attorney General, for the State.

HOWK, C. J.—The appellant was indicted upon a charge of grand larceny.

At the September term, 1878, of the court below, the appellant was arraigned on the indictment, and, for plea thereto, said that he was not guilty as therein charged.

The cause was tried by a jury, and a verdict was returned, finding the appellant guilty of petit larceny, as charged in the indictment, and assessing his punishment at imprisonment in the state-prison for the period of one year.

The appellant's motion in arrest of judgment was overruled by the court, and his exception was entered to this decision, and judgment was rendered on the verdict.

The only error assigned by the appellant, in this court, is the decision of the court below, in overruling his motion in arrest of judgment.

In section 144 of the criminal code of this State, it is provided, that a motion in arrest of judgment " may be granted by the court for either of the following causes :

" *First.* That the grand jury who found the indictment had no legal authority to enquire into the offence charged, by reason of it not being within the jurisdiction of the court.

" *Second.* That the facts stated do not constitute a public offence." 2 R. S. 1876, p. 409.

The appellant's counsel, in their brief of this cause, do not call in question the legal authority of the grand jury to enquire into the offence charged in the indictment against the appellant, but they insist that the facts stated in the indictment do not constitute a public offence.

The indictment was as follows :

" The grand jurors for the county of Elkhart and State of Indiana, upon their oath do charge and present, that John Gregg, on the 20th day of August, A. D. 1878, at said county, one bank-bill of the current paper money of

the United States, of the denomination of ten dollars, of the value of ten dollars; one bank-bill of the current paper money of the United States, of the denomination of two dollars, of the value of two dollars; three bank-bills of the current paper money of the United States, of the denomination of one dollar each, of the value of three dollars; two pieces of silver coin, of American coinage commonly called 'trade dollar,' of the value of one dollar each; and sundry pieces of silver coin, of American coinage, the denomination of which is to the grand jurors unknown, of the value of three dollars; all of the total value of twenty dollars, of the personal goods and chattels of Hugh McLaughlin and Angelo Emery."

It will be readily seen that this indictment is fatally defective, in this, that it fails to charge that the appellant performed any criminal act in connection with the money described therein. It does not appear from the indictment, that the appellant did feloniously steal, take and carry away the money described therein, as, it may be supposed, it was the intention of the grand jurors to charge and present in the indictment. We can not tell from the indictment whether the appellant stole the money, or simply borrowed it for temporary purposes, or, in fact, that he ever saw or had possession of the money. Doubtless the omission of the criminal charge was the result of mistake or oversight, but it is none the less fatal to the indictment. The facts stated in the indietment, as it is presented to us, do not constitute a public offence.

In our opinion, the court erred in overruling the appellant's motion in arrest of judgment.

The judgment is reversed, and the cause remanded with instructions to sustain the appellant's motion in arrest of judgment; and the clerk of this court will issue the proper notice for the return of the appellant to the sheriff of Elkhart county.